617 S.E.2d 824

### In re MARK LEE McMILLIAN'S ELIGIBILITY FOR CONDITIONAL ADMISSION TO THE PRACTICE OF LAW.

### No. 32267.

Supreme Court of Appeals of West Virginia.

Submitted: April 6, 2005.

Filed: June 21, 2005.

---

James M. Cagle, Esq., Charleston, for Petitioner.

John M. Hedges, Esq., Morgantown, for Respondent.

William DeForest Thompson, Esq., Armada, Rogers & Thompson, Hurricane, for Petitioner.

The Opinion of the Court was delivered PER CURIAM.

Justice DAVIS, deeming herself disqualified, did not participate in the decision of this case.

Justice MAYNARD, deeming himself disqualified, did not participate in the decision of this case.

Judge JOHN R. FRAZIER, sitting by temporary assignment.

Judge JAY M. HOKE, sitting by temporary assignment.

Justice STARCHER concurs and will file a separate opinion.

PER CURIAM.

This matter is before the Court on the recommendation of the West Virginia Board of Law Examiners (the "Board") that applicant Mark Lee McMillian be admitted to practice law in the State of West Virginia and before this Court with certain specific conditions. This Court has before it the recommendation and brief of the Board as well as the response of Mr. McMillian and all

matters of record. Following the arguments of the parties and a review of the record herein, we find that the facts of record and existing case law support the Board's recommendation. Accordingly, this Court accepts the recommendation that Mr. McMillian be admitted to practice law in the State of West Virginia under the condition that for two years Mr. McMillian practice under the supervision of another attorney in good standing and licensed to practice law in the State of West Virginia.

## I.

### FACTUAL AND PROCEDURAL HISTORY

In March of 1999, Mark Lee McMillian applied for admission to the practice of law in the State of West Virginia following his graduation from the Thomas Jefferson School of Law and his passing of the West Virginia Bar Examination. Mr. McMillian's application for admission disclosed that he had been discharged from his position as a deputy sheriff in 1987 for misconduct and had pled guilty to a federal felony charge of illegal wiretapping in 1995. The 8th District Character Committee investigated these matters and found that Mr. McMillian's discharge from the Sheriff's Department[1] occurred when Mr. McMillian took an unauthorized civilian employee of the Sheriff's Department to Florida to retrieve a prisoner. That same investigation revealed that Mr. McMillian's felony conviction arose from his work as a private investigator in a divorce action. Mr. McMillian illegally intercepted and recorded telephone calls in the divorce action. Following his federal conviction, Mr. McMillian was sentenced to sixty days in jail and to two years probation and was ordered to pay a $2500 fine. Nonetheless, the District Character Committee found that, absent any *per se* disqualification based upon the past conviction, Mr. McMillian's present moral character did qualify him for admission to the bar. The Board of Law Examiners interviewed Mr. McMillian, but the next day sent Mr. McMillian a letter informing him that the Board had voted unanimously to deny his application for admission to the bar based upon the question of his character raised by his 1987 discharge from the Sheriff's Department[2] and his 1995 federal felony conviction.

Mr. McMillian then requested an administrative hearing, which was conducted before Hearing Examiner John Fowler. Mr. Fowler heard the testimony of Mr. McMillian as well as seventeen other witnesses in regard to the concerns raised by the Board. On March 28, 2000, Mr. Fowler issued his findings and recommended decision to the Board stating that he felt that Mr. McMillian had met his burden on the issue of good moral character and recommended that he be admitted to practice.[3] However, Mr. Fowler's recommendation was a non-binding decision, and the Board again voted to deny Mr. McMillian's application. The Board suggested, though, that "after a sufficient time has elapsed...without further difficulty...you will be able to sustain your burden of establishing the good moral character necessary for the Board's recommendation of your ad-

1. Mr. McMillian's discharge was upheld by this Court in *McMillian v. Ashley*, 193 W.Va. 269, 455 S.E.2d 921 (1995).

2. The Board now states that it feels that Mr. McMillian's discharge from his position as a Deputy Sheriff some 18 years ago has little or no bearing on his current character or fitness to practice law.

3. Specifically, Mr. Fowler stated:

This Examiner has taken due consideration of the serious concerns and reservations expressed by counsel for the Board which motivated the Board to previously deny Mr. McMillian's application for admission to the West Virginia State Bar. On its face, the presence of a felony conviction and the sheer number of other concerns contained within the applica-

tion lead one to question the character and ability to the applicant to practice law in this State. However, it is the opinion of this Examiner that Mr. McMillian has met his burden, as well as the heightened burden of persuasion. This burden was met through the unequivocal testimony of current and former judges, former prosecutors, former adversaries and fine upstanding members of the West Virginia Bar, fully aware of Mr. McMillian's history and of the Board's concerns, who would not have testified if they did not truly believe that Mr. McMillian has "gathered himself" and presently possesses good moral character sufficient to be invited into the legal community of this State. (Hearing Examiner's Recommended Decision, March 28, 2000, at p. 21, as quoted in Brief of West Virginia Board of Law Examiners, at p. 3)

mission to the practice of law." Board letter of May 12, 2000, at pp. 4–5.

Mr. McMillian filed his exceptions to the Board's recommendation before this Court, and the matter was set for argument. In a *per curiam* opinion, this Court denied Mr. McMillian's admission to the practice of law, with Justices Starcher and Maynard voting to allow his admission to the Bar.[4]

Mr. McMillian petitioned for and was granted a rehearing before this Court just a month later, arguing that under the then-applicable State Bar Bylaws, a licensed attorney disbarred for a felony conviction was entitled to reinstatement to the bar after five years of good behavior. Mr. McMillian pointed out that it had been nearly six years since his felony conviction. This Court rejected the argument, though, finding that it had only been two years since Mr. McMillian even became eligible for admission to the bar and that the real measure of Mr. McMillian's fitness to practice law lay ahead in his actions after becoming eligible for admission. *In re McMillian*, 210 W.Va. 265, 268, 557 S.E.2d 319, 322 (2001).

In May of 2003, Mr. McMillian renewed his application for admission to the practice of law. The Board deferred their consideration of his application until he took the Bar Examination and the Multistate Professional Responsibility Examination (the "MPRE") again (because his scores had expired), submitted a new application, and appeared before the Board for an interview. Mr. McMillian again passed the Bar Exam and the MPRE and submitted a new application for admission to the Bar along with several letters of recommendation. He met with the Board in November of 2003, but in a four to three decision, the Board voted again to deny his application. Mr. McMillian petitioned the

Board for reconsideration of the decision, but the Board refused the petition.

Mr. McMillian came before the Board yet again in October of 2004 to ask for admission to the Bar. He outlined to the Board his extensive volunteer work[5] and his experience as a paralegal for Attorney James Cagle. He also submitted the recommendation letters of several attorneys. This time, the Board voted in a five to two decision to certify Mr. McMillian as eligible for admission to the Bar with a recommendation of a two-year period of conditional admission supervised by a West Virginia attorney in good standing to be approved by the Board.[6] According to the recommendation of the Board, the supervising attorney would be made to submit quarterly reports of Mr. McMillian's progress to the Board throughout the two-year period of conditional admission. It is this recommendation that we are asked to evaluate.

## II.

## STANDARD OF REVIEW

 In Syllabus Point 2 of *Matter of Dortch,* 199 W.Va. 571, 486 S.E.2d 311 (1997), this Court stated:

> This Court reviews *de novo* the adjudicatory record made before the West Virginia Board of Law Examiners with regard to questions of law, questions of application of the law to the facts, and questions of whether an applicant should or should not be admitted to the practice of law. Although this Court gives respectful consideration to the Board of Law Examiners' recommendations, it ultimately exercises its own independent judgment. On the other hand, this Court gives substantial deference to the Board of Law Examiners'

---

**4.** *In re McMillian,* 213 W.Va. 145, 578 S.E.2d 339 (2000).

**5.** Mr. McMillian's volunteer efforts were directed at several interests, including Legal Aid, the Boone County Prosecuting Attorney's Office, the Mingo County Public Defender's Office, the Dunbar Police Civil Service Commission, a local high school, the Leukemia Foundation, local animal shelters, Goodwill, and other agencies.

**6.** One should not underestimate the importance of choosing the right supervising attorney. Not

only should the supervising attorney be one in good standing and licensed to practice law in West Virginia, but he or she should also be one who can easily establish a professional mentoring relationship with his or her supervisee. At the same time, he or she should not be someone too personally or professionally involved with the supervisee so as to ensure that the supervisee's practice as an attorney can be evaluated objectively, candidly, and impartially.

findings of fact, unless such findings are not supported by reliable, probative, and substantial evidence on the whole record. Keeping this standard in mind, we turn now to a discussion of the facts of this case as they apply to the law.

## III.

### DISCUSSION

It is well established that " ' "Article eight, section one et seq. of the West Virginia Constitution vests in the Supreme Court of Appeals the authority to define, regulate and control the practice of law in West Virginia." Syl. Pt. 1, *Lane v. West Virginia State Board of Law Examiners*, 170 W.Va. 583, 295 S.E.2d 670 (1982).' Syl. Pt. 4, *Committee on Legal Ethics v. Karl*, 192 W.Va. 23, 449 S.E.2d 277 (1994)." Syl. Pt. 1, *Matter of Dortch*, 199 W.Va. 571, 486 S.E.2d 311 (1997). This Court looks upon that authority and its attending burden with the utmost respect—respect not only for the practice itself, but also for the applicants to that practice who come before this Court.

To that end, this Court has established certain Rules for Admission to the Practice of Law. "Pursuant to Rules 4.2(b), 5.0 and 5.2(b) of the Rules for the Admission to the Practice of Law, in order to be eligible for admission to the practice of law in this State, an applicant must prove that he or she possesses good moral character." Syl. Pt. 3, *Matter of Dortch*, 199 W.Va. 571, 486 S.E.2d 311 (1997). Indeed, because the public's confidence in the honor, integrity, dignity, and efficiency of the practice of law and of the judicial system as a whole is so important, this showing of good moral character is perhaps one of the most important considerations that this Court must make when reviewing any application for admission to the Bar. For that reason, one of the requirements of an applicant to the Bar is that he or she state in his or her application whether he or she has been convicted of any criminal offense or has been arrested on any criminal charge. Rules for Admission to the Practice of Law, Rule 4.3(a).

Mr. McMillian quite candidly and freely admitted that he had been convicted of a felony when he applied for admission to the Bar. He made no excuses for his behavior,

which led to his conviction, nor did he try to minimize the conviction. Of course, this conviction became a sticking point for the Board of Law Examiners, who ultimately determined that the conviction, along with Mr. McMillian's 1987 dismissal from his job as a Deputy Sheriff, made him ineligible for admission to the Bar. This Court, too, rejected Mr. McMillian's early attempts to become a member of the Bar, but Mr. McMillian took to heart the concerns of both the Board and the Court. He continued to improve himself in his attempt to be admitted to practice, and so we are here today.

The Board of Law Examiners now feels that Mr. McMillian has proven himself eligible for admission to practice law in this State and before this Court. But Mr. McMillian still has a high hurdle to overcome.

> Since a bar applicant is not similarly situated with an attorney already admitted to practice, a higher standard of good moral character may be applied so long as there is a rational connection with the applicant's fitness and capacity to practice law. The rational connection is to insure that only those applicants who are fit to practice law are granted entrance into the profession so that high professional standards are maintained.

Syl. Pt. 1, *Frasher v. West Virginia Bd. of Law Examiners*, 185 W.Va. 725, 408 S.E.2d 675 (1991).

Along those lines, this Court, in *Dortch*, set out certain criteria for assessing the moral character of an applicant whose background includes a criminal conviction. These criteria include:

> (1) The nature and character of the offenses committed; (2) The number and duration of offenses; (3) The age and maturity of the applicant when the offenses were committed; (4) The social and historical context in which the offenses were committed; (5) The sufficiency of the punishment undergone and restitution made in connection with the offenses; (6) The grant or denial of a pardon for offenses committed; (7) The number of years that have elapsed since the last offense was committed, and the presence or absence of

misconduct during that period; (8) The applicant's current attitude about the prior offenses (e.g., acceptance of responsibility for and renunciation of past wrongdoing, and remorse); (9) The applicant's candor, sincerity and full disclosure in the filings and proceedings on character and fitness; (10) The applicant's constructive activities and accomplishments subsequent to the criminal convictions; and (11) The opinions of character witnesses about the applicant's moral fitness.

These factors are intended to be illustrative rather than exhaustive. Syl. Pt. 4, *Matter of Dortch*, 199 W.Va. 571, 486 S.E.2d 311 (1997). Considering these factors, the Court now believes that Mr. McMillian is well suited to join the practice of law.

Both of Mr. McMillian's offenses involved a serious breach of trust; however, he has not since committed another such breach of trust, or any other crime for that matter. Furthermore, the offenses seemed to be isolated incidences, not related to each other and happening several years ago. And although Mr. McMillian was certainly of an adult age at the time of his offenses, several character witnesses have come forward to say that Mr. McMillian has since matured; and it is their belief that he would not commit such mistakes again. At the time of his criminal conviction, he had a GED certificate, but he has since completed his college degree and law degree and has engaged in extensive volunteer and professional service. He has passed the Bar Exam and MPRE twice.

Mr. McMillian submitted to and accepted his punishment for his offenses. As for his federal felony conviction, which was the result of a guilty plea, Mr. McMillian served his sentence and paid his fine with no reported troubles. He also offered his sincere apology to the victim of his crime. In the ten years since his conviction, Mr. McMillian has not had any further trouble with the law or in his career.

Mr. McMillian has never been bitter nor has he complained about the delay in his admission to the Bar. He seems to accept full responsibility for his actions and understands why the Board of Law Examiners and this Court have so carefully considered his admission to the Bar. He has always been very

candid with the Board and with the Court. He has never made any excuses.

■ "[W]hile 'evidence of criminal convictions usually suggests unfitness and therefore should be considered in the overall assessment of an applicant's fitness to practice law[,][e]vidence of the applicant's reform and rehabilitation must also be taken into account.' *In re Manville*, 494 A.2d 1289, 1295 (D.C.Ct.App.1985), remanded, 538 A.2d 1128 (1988)." *Dortch*, 199 W.Va. at 578, 486 S.E.2d at 318. Mr. McMillian appears before us reformed and rehabilitated. Perhaps more importantly, he has accomplished every requirement set for him without complaint and with full appreciation of his situation. We find no reason to deny him admission to the Bar any further.

## IV.

## CONCLUSION

Accordingly, and for the foregoing reasons, we accept the recommendation of the Board of Law Examiners for the admission of Mark Lee McMillian to the Bar of the State of West Virginia under the condition that, for two years, he practice under the supervision of another attorney in good standing and licensed to practice law in the State of West Virginia. The Court agrees with the Board that the first and third *Dortch* factors leave some reservation such as would prevent us from granting Mr. McMillian unconditional admission at this time.

Recommendation accepted.

Mark Lee McMillian eligible for admission to the bar.

STARCHER, J., concurring.

I fully concur with the majority opinion. I write separately to emphasize my appreciation for the effort that Mr. McMillian has made to earn the result reached in this Court's decision. And I also want to express just as great an appreciation for his support by a host of good and highly-responsible friends—who have encouraged him to "keep hope alive!" Today's decision vindicates their faith in Mr. McMillian to make a change for the better—and his faith in him-

self. I hope and believe he can continue on this path of improvement and service to society.

I concur with the Court's decision to permit Mark Lee McMillian to practice law in West Virginia.